**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABRAO DEALMEIDA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 3:25-cv-433 |
| | ) Judge Stephanie L. Haines |
| KRISTI NOEM, *et al.*, | ) Magistrate Judge Patricia A. Dodge |
| | ) |
| Respondents. | ) |
| | ) |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Abrao Dealmeida ("Petitioner") (ECF No. 1). Petitioner is detained by Immigration and Customs Enforcement ("ICE") and challenges the constitutionality of his prolonged detention. Petitioner has been in custody since September 9, 2025, and states that he is entitled to release. The Parties agree that Petitioner is detained under 8 U.S.C. § 1231(a)(6) and that the case should be analyzed under the law of *Zadvydas v. Davis*, 533 U.S. 678 (2001). This matter was referred to Magistrate Judge Patricia A. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On June 3, 2026, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 13) recommending that the Petition (ECF No. 1) be granted and Petitioner be released to a restored order of supervision. ECF No. 20, p. 1. The Parties were advised they could file objections to the Report and Recommendation within fourteen days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 13) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100

1

(3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Dodge in this matter. Judge Dodge correctly found that Petitioner, having been detained for nine months with no substantive movement towards removal, is eligible for release. *See* ECF No. 13, p. 6. Petitioner declared that he has never been recognized as a citizen of any country and no country has been willing to issue him travel documents. ECF No. 13; ECF No. 10-2, pp. 1-2. Respondents countered with information regarding efforts to remove Petitioner. However, last contact with a potential receiving country was in January 2026 and there was no further movement toward removal of Petitioner. Thus, Respondents have failed to rebut Petitioner's argument that removal is not reasonably foreseeable.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 18th day of June, 2026, IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) hereby is GRANTED. Respondents are to immediately release Petitioner from custody under conditions of his preexisting Order of Supervision; and,

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 13) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

2